UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY a/s/o WORLDSTAGE INC. d/b/a VIDEO APPLICATIONS, INC., § § § § | | |
| Plaintiff, § | | |
| v. § | No. 4:19-cv-00007 | |
| PRODUCTION DELIVERY SERVICES, INC. d/b/a PRODUCTION TRANSPORT, § § § § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Fireman's Fund Insurance Company as Subrogee of WorldStage Inc. d/b/a Video Applications, Inc. in the above-entitled cause and files this Complaint against Defendant Production Delivery Services, Inc. d/b/a Production Transport ("Defendant"), and would respectfully show the Court as follows:

### THE PARTIES

1.  Plaintiff Fireman's Fund Insurance Company as Subrogee of WorldStage Inc. d/b/a Video Applications, Inc. ("Plaintiff" or "FFIC") is a foreign corporation duly organized and existing under the laws of the State of California, with its corporate domicile located at 777 San Marin Drive, Novato, California 94998. At all times material hereto, Plaintiff was and is licensed and authorized to issue policies of insurance in the State of Texas.

2.  FFIC's insured, WorldStage Inc. d/b/a Video Applications, Inc. ("hereinafter "WorldStage") is a Delaware corporation with its principal place of business at 1111 Bell Avenue, Ste. A, Tustin, California 92780. At all times material hereto, WorldStage was involved

in providing audio visual support for large events such as the National Hockey League and National Football League Drafts.

3. At all times material hereto, FFIC provided insurance coverage to WorldStage under a policy of insurance which was in full force and effect at the time the loss that is the basis of this lawsuit. Pursuant to the terms and conditions of the insuring policy, FFICs has issued payments to date in excess of $930,000.00. Pursuant to the terms and conditions of the policy, FFIC is legally, contractually and/or equitably subrogated to the rights of WorldStage to the extent of the payments made or to be made.

4. Defendant Production Delivery Services, Inc. d/b/a Production Transport ("Defendant" or "Production Transport") is a California corporation with its principal place of business at 12133 Greenstone Avenue, Santa Fe Springs, California 90670. At all times material hereto, Defendant was engaged as a common carrier of goods and involved in the transport of such goods on an interstate basis. Defendant is conducting business in Texas but does not maintain a registered agent for service of process in this State. Defendant may be served with process by serving the Texas Secretary of State as the substituted agent for service of process under Tex.Civ. Prac. & Rem. Code §§17.044(a) and (b) at the following address:

> Texas Secretary of State
> 1019 Brazos, room 105
> Austin, Texas 78701

who will forward such Citation to Production Delivery Services, Inc. d/b/a Production Transport's Agent for Service:

> Kerrie Stouffer, Agent for Service
> Production Delivery Services, Inc. d/b/a Production Transport
> 2400 22nd Street, Suite 210
> Sacramento, California 95818

Plaintiff requests Citation be issued at this time.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. Sect. 1131 and 28 U.S.C.A. Sect. 1337 as this action relates to the loss of property during shipment in interstate commerce and is therefore governed by the provisions of the Interstate Commerce Act, 49 U.S.C.A. Sect. 14706, *et. seq.* (otherwise known as "The Carmack Amendment").

6. Venue is properly laid in this district pursuant to the provisions of 28 U.S.C.A. Sect. 1391 because the occurrence giving rise to this claim occurred within a county located within this judicial district.

## FACTUAL BACKGROUND AND ALLEGATIONS

7. Plaintiff's Insured WorldStage is involved in providing sophisticated audio-visual equipment for events such as the National Hockey League draft. The equipment provided includes (among other things) large screens and monitors upon which to project images, player interviews and team draft selections. For a depiction of the type of equipment provided by WorldStage, please see *Exhibit* "1," attached hereto.

8. The 2018 National Hockey League Draft was to be hosted in Dallas, Texas at the American Airlines Center. In order to ensure the safe and timely transport of the needed audio-visual equipment, WorldStage retained Production Transport to provide transportation services. An agreement was reached between the parties regarding the transport of the equipment on June 5, 2018. (*Exhibit* "2"). An invoice was later issued by Production Transport to WorldStage on June 27, 2018. (*Exhibit* "3").

9. The equipment made it safely from the State of California to Dallas, Texas and was utilized in the National Hockey League draft without incident. Unfortunately while in route back to California, a catastrophic accident occurred on June 24, 2018 which resulted in the significant

damage to the audio-visual equipment. More specifically, it is alleged that while Production Transport's driver was westbound on Interstate Highway 20 in Reeves County he experienced a tire separation/blow out which led the tractor trailer through the unprotected center median and into the eastbound lanes. He then impacted the guardrail causing the tractor unit to go over the concrete barrier and separate from the trailer it was towing. The tractor unit then ignited. Tragically, the driver of the tractor trailer perished.

10. Following the loss, WorldStage tendered a claim to FFIC for the significant damage to its equipment as a result of this accident. Pursuant to the terms of the insurance policy, FFIC has issued payments exceeding $930,000.00.

11. As a result of the foregoing, FFIC is legally, contractually and/or equitably subrogated to the rights of its insured, WorldStage and brings this claim against Production Transport to recover all amounts paid or to be paid as a result of the above-described accident. As part of this action, FFIC also seeks any deductible incurred by its insured WorldStage as a result of this loss.

## COUNT I: LIABILITY UNDER THE CARMACK AMENDMENT

12. Plaintiff incorporates the preceding paragraphs herein by reference.

13. At all times relevant hereto, Production Transport owed FFIC and FFIC's subrogor WorldStage a duty to properly arrange, ship, transport, store and deliver the equipment in the same good order and condition in which the shipment was received pursuant to their obligations as a common carrier of goods for hire under 49 U.S.C.A. Sect. 14076, otherwise known as "The Carmack Amendment." The Carmack Amendment provides as follows:

> 1.0 A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation ... that carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the

property caused by (A) the receiving carrier, (B) the delivery carrier or (C) another carrier …

14. As a preliminary matter, Production Transport failed to issue a bill of lading as required by The Carmack Amendment. In addition, Production Transport did not properly arrange, ship, transport, store or deliver the equipment in the same good order and condition as received and required under The Carmack Amendment.

15. The damage to the equipment at issue was not the result of any inherent nature of the goods, nor of any Act of God, nor the acts of a public enemy, the shipper or public authority.

16. WorldStage and/or its insurer FFIC issued notice of this claim to Production Transport within 9 months of the accident and has formally demanded that it reimburse all amount that have been or will be paid as a result of this loss.

### PRAYER

For these reasons, Plaintiff asks for judgment against Defendant for economic damages to the equipment insured by Plaintiff, pre-judgment and post-judgment interest, costs of suit, and all other relief as this Court may order and deem appropriate.

Respectfully submitted,

**COZEN O'CONNOR**

/s/ *Jason S. Schulze*
JASON S. SCHULZE
SBN: 00797394 / FBN: 26005
LyondellBasell Tower
1221 McKinney Street, Suite 2900
Houston, TX 77010
jschulze@cozen.com
Phone: 832.214.3916
Fax: 832.214.3905

**ATTORNEYS FOR PLAINTIFF**